UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO MEZA BUENO,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. CV 14-0687-JEM<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY |

## **PROCEDURAL HISTORY**

Following a jury trial in Los Angeles County Superior Court case number BA373550, Petitioner was convicted of possession of a controlled substance for sale (Cal. Health & Safety Code § 11378). The jury found true the allegation that Petitioner possessed over 20 kilograms of methamphetamine (Cal. Health & Safety Code § 11370.4(b)(4)). The trial court sentenced Petitioner to sixteen years and four months in state prison. (Respondent's Lodged Document ("LD") 1 at 118, 174, 180-81, 211-12, 226.)

Petitioner appealed, and the California Court of Appeal affirmed the judgment on April 30, 2013. (LD 2-5.) Petitioner filed a petition for review in the California Supreme Court, which was denied on July 24, 2013. (LD 6-7.)

The public docket indicates that Petitioner did not file any habeas petitions in the California Supreme Court. (See http://appellatecases.courtinfo.ca.gov (last visited Dec. 5, 2014).)

On January 29, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.

On May 21, 2014, Respondent filed a Motion to Dismiss the Petition as unexhausted, arguing that Ground Five of the Petition has not been presented to the California Supreme Court. (Motion to Dismiss at 3-5.)

On July 1, 2014, the Court <u>sua sponte</u> granted Petitioner an extension of time to file an Opposition to the Motion to Dismiss to July 15, 2014. Petitioner did not file an Opposition.

On November 4, 2014, the Court issued an "Order Re: Election of Proceedings for 'Mixed Petition'" ("Order"), in which the Court informed Petitioner that Ground Five appeared to be unexhausted and ordered Petitioner to choose one of several options regarding how to proceed with his Petition. Among other choices, Petitioner was offered the opportunity to return to state court to exhaust Ground Five or to abandon Ground Five and proceed with his exhausted claims. The Court warned Petitioner that failure to respond to the Order could result in the Court granting Respondent's Motion to Dismiss.

To date, Petitioner has not responded to the Order or opposed the Motion to Dismiss.

**PETITIONER'S CLAIMS**

Ground One: The trial court denied Petitioner's Sixth Amendment and due process rights by failing to instruct the jury with Petitioner's requested pinpoint instruction on the specific intent to sell narcotics. (Petition at 5.)

Ground Two: The prosecutor committed misconduct during closing argument by encouraging the jury to consider punishment. (Petition at 5-6.)

Ground Three: The trial court's explanation of reasonable doubt diluted the standard of proof and denied Petitioner's rights to due process and to a verdict of guilt beyond a reasonable doubt. (Petition at 6.)

Ground Four: The cumulative impact of the errors raised in Grounds One through Three encouraged the jury to convict Petitioner absent proof of guilt beyond a reasonable doubt. (Petition at 6.)

Ground Five: Petitioner requests that this Court review the trial court's in camera hearings and determine whether the trial court erred. (Petition at 6.)

## DISCUSSION

Respondent argues that the Petition is a "mixed petition" that must be dismissed because Ground Five was never presented to the California Supreme Court. As discussed below, Ground Five was never presented to the California Supreme Court. Accordingly, the Court grants Respondent's Motion to Dismiss and dismisses the Petition without prejudice.

**I.    The Exhaustion Requirement**

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Exhaustion requires that the petitioner's contentions be presented to and disposed of on the merits by the highest court of the State. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); see also Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

Petitions that include exhausted and unexhausted claims are "mixed petitions" that ordinarily should be denied without prejudice. See Rose, 455 U.S. at 522; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). However, a court may not dismiss a mixed petition without first affording the petitioner an opportunity to amend the petition to delete the unexhausted

1 claims. James v. Giles, 221 F.3d 1074, 1077-78 (9th Cir. 2000); see also Jefferson v. Budge,
2 419 F.3d 1013, 1016 (9th Cir. 2005).

3 **II.     Ground Five Is Unexhausted and the Petition Should Be Dismissed**

4       In Ground Five, Petitioner requests that this Court "review the trial court's in camera
5 hearings and [determine] whether the trial court erred." (Petition at 6.) However, Petitioner did
6 not challenge the trial court's in camera review procedures in his petition for review to the
7 California Supreme Court. (LD 6.) Although Petitioner attached the Court of Appeal opinion,
8 which addressed Ground Five, to his petition for review, he did not include this claim in the
9 petition itself. Merely attaching the Court of Appeal opinion to the petition for review, without
10 more, did not fairly present Ground Five to the California Supreme Court for decision. "[A] state
11 prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition
12 or a brief (or a similar document) that does not alert it to the presence of a federal claim in order
13 to find material, such as a lower court opinion in the case, that does so." Baldwin, 541 U.S. at
14 32; accord Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005); see also Gatlin v.
15 Madding, 189 F.3d 882, 888-89 (9th Cir. 1999) (California Rules of Court expressly prohibit
16 incorporation by reference of authorities or arguments from another document and, therefore,
17 a court on federal habeas review may not rely on them in evaluating whether petitioner has
18 exhausted his state court remedies). In order to exhaust a federal habeas claim, a petitioner
19 must present to the State's highest court both the factual and the federal constitutional basis
20 of each claim. Gray, 518 U.S. at 162-63; Duncan v. Henry, 513 U.S. 364, 365-66 (1995).
21 Because Petitioner never presented Ground Five to the California Supreme Court, this claim
22 is unexhausted. Thus, the Petition is a "mixed petition" that is subject to dismissal.

23       In the Order, the Court offered Petitioner several options that would have allowed him
24 to avoid dismissal of the entire Petition at this juncture, including the option to exhaust Ground
25 Five by returning to state court or the option to withdraw this claim and pursue his exhausted
26 claims. Petitioner declined to exercise any of those options, and the Petition remains a "mixed
27 petition." Accordingly, the Petition should be dismissed without prejudice. See Rose, 455 U.S.
28 at 522.

**CERTIFICATE OF APPEALABILITY**

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The court has determined that the Petition should be dismissed without prejudice as a "mixed petition." Given that the Petition is clearly a "mixed petition" that is subject to dismissal, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478. Accordingly, the Court finds that a COA must be denied with respect to the instant Petition.

///
///
///
///
///
///
///
///

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Respondent's Motion to Dismiss Petition **(Document No. 12)** is hereby **granted**.
2. Judgment shall be entered dismissing the action without prejudice.
3. A Certificate of Appealability is **denied**.

DATED: December 5, 2014           */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                                  UNITED STATES MAGISTRATE JUDGE